United States District Court
Southern District of Texas
**ENTERED**
January 26, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRENT JUSTICE,<br>TDCJ #2083982,<br><br>   Petitioner,<br><br>v.<br><br>BOBBY LUMPKIN, Director,<br>Texas Department of Criminal<br>Justice – Correctional<br>Institutions Division,<br><br>   Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-21-1110 |

## MEMORANDUM OPINION AND ORDER

State inmate Brent Justice (TDCJ #2083982) filed a Petition for a Writ of Habeas Corpus by a Person in State Custody ("Petition") (Docket Entry No. 1), challenging a conviction from Harris County, Texas, under 28 U.S.C. § 2254. Bobby Lumpkin, Director of the Texas Department of Criminal Justice – Correctional Division ("TDCJ"), has filed Respondent's Motion for Summary Judgment With Brief in Support ("Respondent's MSJ") (Docket Entry No. 17), arguing that the Petition must be dismissed as premature because Justice has not yet exhausted available state court remedies. Justice has replied with Petitioner's Traverse and Motion to Deny Respondent's Motion for Summary Judgment With Brief in Support ("Petitioner's Traverse") (Docket Entry No. 22).

Justice has also filed Petitioner's Memorandum of Law in Support of Motion to Abate Federal Habeas Corpus Proceedings Pending Decision of Criminal Court of Appeals [on his] State Habeas Application ("Petitioner's Motion to Abate") (Docket Entry No. 24). After considering all of the pleadings, the state court records, and the applicable law, the court will grant Respondent's MSJ, deny Petitioner's Motion to Abate, and dismiss this action without prejudice for the reasons explained below.

## I. Background

Justice and a co-defendant, Ashley Richards, were charged with making animal "crush" videos that involved decapitating a puppy.[1] In Harris County Case No. 1385768, Justice was charged with torturing the puppy by cutting its neck with a knife in violation of Texas law prohibiting cruelty to non-livestock animals.[2] The indictment against Justice was enhanced for purposes of punishment with allegations that a deadly weapon was used to commit the offense and with two paragraphs noting that Justice had two prior

---

[1] See Justice v. State, 532 S.W.3d 862, 863-64 (Tex. App. — Houston [14th Dist.] 2017, no pet.)(describing the offense that was prosecuted in state court); see also United States v. Richards, 755 F.3d 269, 271-72 (5th Cir. 2014) (describing the offense that was prosecuted in federal court).

[2] Indictment, Docket Entry No. 21-21, p. 22. For purposes of identification, all page numbers refer to pagination imprinted on the top page of each docket entry by the court's electronic case filing ("ECF") system.

felony convictions for aggravated assault on a peace officer.[3]

After a jury in the 176th District Court of Harris County found Justice guilty as charged in 2016, the trial court sentenced him to 50 years' imprisonment.[4] In doing so, the trial court affirmatively found that a deadly weapon was used to commit the offense and that the enhancement paragraphs concerning Justice's prior felony convictions were true.[5]

On October 19, 2017, an intermediate court of appeals determined that there was sufficient evidence to support the conviction, but reversed and remanded the case for a new punishment hearing after concluding that the deadly weapon finding was not allowed as a matter of law because the victim was not a human being. See Justice v. State, 532 S.W.3d 862, 866 (Tex. App. — Houston [14th Dist.] 2017, no pet.). On remand the trial court imposed a 20-year sentence, which was affirmed on appeal. See Justice v. State, No. 14-18-00462-CR, 2020 WL 1778723, at *4 (Tex. App. — Houston [14th Dist.] April 9, 2020, pet. ref'd).

While his appeals were pending, Justice filed two state habeas corpus applications under Article 11.07 of the Texas Code of

---

[3]Id.

[4]Judgment of Conviction by a Court - Waiver of Jury, Docket Entry No. 21-21, p. 35.

[5]Id.

Criminal Procedure, which were dismissed as premature.[6] On October 16, 2020, Justice filed a third state habeas application.[7] In that application, Justice raised the following claims:

1. He was re-sentenced in violation of the prohibition against Double Jeopardy;

2. There was an "irreconcilable conflict" between the Texas habitual offender enhancement statute and the statute under which he was convicted;

3. There was a "fatal variance" between the indictment and the trial evidence;

4. He was denied effective assistance of counsel at trial on direct appeal because his attorneys failed to raise these claims on his behalf.[8]

The Texas Court of Criminal Appeals has not yet issued a decision on the merits of this application.

On April 2, 2021, Justice filed his federal Petition seeking relief under 28 U.S.C. § 2254.[9] He raises the following claims:

1. There was a "fatal variance" between the indictment and the trial evidence;

2. There was an "irreconcilable conflict" between the

---

[6] See Ex parte Justice, Writ No. 85,952-02, Docket Entry No. 21-18, p. 1; Ex parte Justice, Writ No. 85,952-03, Docket Entry No. 21-22, p. 1. Justice also unsuccessfully sought mandamus relief. Ex parte Justice, Writ No. 85,952-01, Docket Entry No. 21-16, p. 1.

[7] See Application for a Writ of Habeas Corpus Seeking Relief From Final Felony Conviction Under Code of Criminal Procedure Article 11.07, No. 1385768-C (176th Dist. Court, Harris County, Tex), Docket Entry No. 21-27, pp. 5-20.

[8] Id. at 10-17.

[9] Petition, Docket Entry No. 1, pp. 1-12.

        Texas habitual offender enhancement statute and the statute under which he was convicted;

3.     He was re-sentenced in violation of the prohibition against Double Jeopardy; and

4.     The statute found at Texas Penal Code § 49.092(b)(1), which criminalizes the torture or killing of an animal in a cruel manner, discriminates against content-based free speech.[10]

The respondent has moved for summary judgment.[11] Noting that Justice's third habeas application remains pending in state court, the respondent argues that this court should dismiss his federal Petition without prejudice as unexhausted.[12]

## II. Discussion

A federal court may not grant habeas corpus relief under 28 U.S.C. § 2254 unless the petitioner "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); Fisher v. Texas, 169 F.3d 295, 302 (5th Cir. 1999). To satisfy this requirement "the petitioner must afford the state court a 'fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim.'" Bagwell v. Dretke, 372 F.3d 748, 755 (5th Cir. 2004) (quoting Anderson v. Harless, 103 S. Ct. 276, 277 (1982)). This means that a petitioner must present his claims in a procedurally proper manner to the highest state

---

[10]Id. at 6-7.

[11]Respondent's MSJ, Docket Entry No. 17, pp. 1-10.

[12]Id. at 8.

court, which in Texas is the Texas Court of Criminal Appeals. See O'Sullivan v. Boerckel, 119 S. Ct. 1728, 1731-34 (1999); Richardson v. Procunier, 762 F.2d 429, 432 (5th Cir. 1985). State prisoners must exhaust their claims before invoking federal jurisdiction. See Sones v. Hargett, 61 F.3d 410, 414 (5th Cir. 1995) (stating that a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief.").

The issues raised in Justice's federal Petition are similar to those raised in his third state habeas application, which remains pending in state court.[13] On March 10, 2021, the Texas Court of Criminal Appeals remanded this application to the trial court for additional consideration and findings. See Ex parte Justice, Writ No. 85,952-04, 2021 WL 900689, at *1 (Tex. Crim. App. March 10, 2021). In doing so, the Texas Court of Criminal Appeals did not limit what issues the lower court could resolve, and expressly encouraged consideration of whether "the enhancement provision under which [Justice] was sentenced could be inapplicable to this case, resulting in a potentially illegal sentence." Id.

To date, there has been no ruling by the Texas Court of Criminal Appeals on the issues raised in Justice's third state habeas application, which remains pending in state court. As a

---

[13]See Application for a Writ of Habeas Corpus Seeking Relief From Final Felony Conviction Under Code of Criminal Procedure Article 11.07, No. 1385768-C (176th Dist. Court, Harris County, Tex), Docket Entry No. 21-27, pp. 10-17.

6

result, Justice has not yet fully exhausted available state court remedies with respect to his federal claims.  The Fifth Circuit has held that a district court should not adjudicate a federal habeas corpus petition while unexhausted claims remain under state-court review.  See Deters v. Collins, 985 F.2d 789, 797 (5th Cir. 1993) ("Because Deters' state appeal is still pending, we would have to ignore the doctrine of federal-state comity by disrupting that ongoing state process.").  If an inmate has filed a federal habeas petition while he is still pursuing state remedies, a federal court may dismiss his petition for failure to exhaust.  See Brewer v. Johnson, 139 F.3d 491, 493 (5th Cir. 1998); see also Castille v. Peoples, 109 S. Ct. 1056, 1059 (1989) (A petition under 28 U.S.C. § 2254 "must be dismissed if state remedies have not been exhausted as to any of the federal claims.")(citing Rose v. Lundy, 102 S. Ct. 1198 (1982)).

Because Justice's claims concern the interpretation of state law, the interests of comity are best served by allowing the Texas courts to consider Justice's claims in the first instance.  See Deters, 985 F.2d at 797.  To the extent that Justice has asked to abate this case, he has not shown good cause for a stay under the criteria found in Rhines v. Weber, 125 S. Ct. 1528, 1535 (2005). Therefore, the court will dismiss this federal habeas action without prejudice as premature.

### III. <u>Certificate of Appealability</u>

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Tennard v. Dretke,</u> 124 S. Ct. 2562, 2565 (2004) (quoting <u>Slack v. McDaniel,</u> 120 S. Ct. 1595, 1604 (2000)). Where denial of relief is based on procedural grounds the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." <u>Slack,</u> 120 S. Ct. at 1604. Because reasonable jurists would not debate that Justice has not yet exhausted available state court remedies, a certificate of appealability will not issue.

### IV. <u>Conclusion and Order</u>

Based on the foregoing, the court **ORDERS** as follows:

1. Respondent's Motion for Summary Judgment With Brief in Support (Docket Entry No. 17) is **GRANTED,** and Petitioner's Traverse and Motion to Deny

8

      Respondent's Motion for Summary Judgment With Brief in Support (Docket Entry No. 22) is **DENIED**.

2. Petitioner's Memorandum of Law in Support of Motion to Abate Federal Habeas Corpus Proceedings Pending Decision of Criminal Court of Appeals State Habeas Application (Docket Entry No. 24) is **DENIED**.

3. The Petition for a Writ of Habeas Corpus by a Person in State Custody filed by Brent Justice (Docket Entry No. 1) is **DISMISSED without prejudice** for lack of exhaustion.

4. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this the 26th day of January, 2022.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE